*In the matter of* HEDGES *and* HEDGES, *infants, &c.*

The court can exercise a sound discretion in relation to the amount of secu- rity required from general guardians under the 148th Rule ; and therefore may, in cases where the property of infants is very extensive, allow the security to be given in a fair sum only. But, in such cases, the order per- mitting the same must contain sufficient provisions, as to the periods and mode of accounting, &c., as will protect the estate and the income of the property.

Form of an order in such a case as drawn by Murray Hoffman, Esq.

---

THE petition of Timothy Hedges, the father of the above infants, Mary Rutgers M'Crea Hedges, and Catharine Ann Hedges, had been presented to the injunction master of the first circuit, in pursuance of the 151st and 152d general Rule of the court.

This petition, amongst other things, set forth the real and personal estate in the city of New York to which the said infants were entitled. The real estate was large, and produced an annual rent of about nine thousand dollars, while the personalty consisted of twenty-six shares of capital stock of the bank of the United States, the dividends whereof were

8

applied, by way of annuity, to and for the benefit of a person named in the petition. The said Mary Rutgers M'Crea Hedges was about twelve years of age and Catharine Ann Hedges about ten years old; and they both resided with the petitioner, their father, within the city of New York.

The petitioner prayed, that he might be appointed the guardian of the persons and estates of the said children, upon his executing, together with sufficient sureties, a bond in the usual form, in the sum of twenty thousand dollars, to be approved of by one of the masters of the court; and might be directed to account annually, and pay into the office of the clerk of the court annually the amount of the rents, issues, and profits of the estate of the said infants, deducting therefrom the expenses of executing the duties of such guardian; and that the clerk of this court might be directed to invest such rents, issues, and profits, so to be paid into his office, either on bond and mortgage of real estate in the city of New York or in productive stocks, as he, in his discretion, might think advisable. And that the petitioner might have such other and further order as to the court should appear just and equitable.

The injunction master, in his report on the petition, set forth that the circumstances in the latter were true; and, that if the said Timothy Hedges should be directed by the order of the court to account annually and pay into court, for the purpose of being invested by the clerk thereof, the rents of the said infants real estate, over and above what should be deemed necessary for their support, that then the sum of twenty thousand dollars would be a full and sufficient amount in which a bond should be executed by the said Timothy Hedges, together with two sureties. The master went on, in his said report, to mention the names of the sureties who had been proposed; and added, that they were each worth and had justified before him in the said sum of twenty thousand dollars, over and above all their debts and responsibilities. Also, that in making the enquiries in relation to the said petition, he was attended by William B. Crosby, who, at that time, had the charge of the said infants' estate and was the second cousin to them; and that no other relatives of the said infants were notified to appear before

him, the said master, as he deemed the attendance of the said William B. Crosby sufficient.

Mr. *Murray Hoffman* moved the court upon the report of the master and the petition to which it referred. He took notice of the amount of property to which the infants were entitled; and suggested, that the strict letter of the 148th rule, could not, in this case, be complied with : inasmuch as that the security which might be required, would amount to a larger sum than any individual could or ought to be required to be bound for. If it were insisted upon, the father, as well as each security, would have to justify in no less a sum than $198,000. He contended that the matter of this rule was within the sound discretion of the court; and that where a sufficient protection of the estate and income of infants could be obtained, a fair amount of security would be enough. With this idea, he had suggested the course which had been adopted; and, in reference to the valuable general rule adopted by Lord Redesdale, inserted in the appendix to 2 *Sch. & Lef.* 732, (cited in *Hoffman's Master*, 160, 161.) an order had been drawn in the present case, which it was believed would contain sufficient to satisfy the mind of the court, and would form a more perfect protection for the infants' property than the personal responsibility of any two individuals in the city.

THE VICE-CHANCELLOR, this day, said, he had perused the petition and master's report, in connection with the 148th rule of the court; and he was of opinion, the court could exercise a discretion as to the amount in which the proposed guardian and his sureties should justify. The rule was a wholesome one, but it could be relaxed in extraordinary cases. He thought the amount in which the petitioner and sureties had justified was sufficient. His honor further said, he had perused the form of the proposed order; and as he considered the provisions of it contained a sufficient safeguard upon the infants' property and rights, he directed it to be adopted.

The following was the form of the order :

"On reading and filing the petition of Timothy Hedges, "praying that he, the said Timothy, be appointed guardian "of the persons and estates of Mary Rutgers M'Crea "Hedges and Catharine Ann Hedges, both infants under the "age of fourteen years; and on reading and filing the report "of Thomas Addis Emmet, Esquire, the taxing master of "the first circuit, annexed to said petition, by which said re- "port it appears, among other things, that the matters set "forth in said petition are true, and that the said Timothy "Hedges, who is the father of said infants, is the person en- "titled to become the guardian of their persons and estates, "and that he is a competent and proper person to be "such guardian; and on motion of Mr. Murray Hoffman, "of counsel for petitioner, *it is ordered:* that the said Timo- "thy Hedges be, and he is hereby appointed guardian "of the persons and estates of the said Mary Rutgers "M'Crea Hedges and Catharine Ann Hedges, the said in- "fants, upon his executing, together with Zebedee Ring and "Joseph Hoxie, the sureties named in such report, a bond in "the usual form, in the sum of twenty thousand dollars, to "such infants, to be approved of by the said Thomas "Addis Emmet, one of the masters of this court, and filing "such bond with the clerk of this court. And it is further "ordered, that the said guardian do account annually, "and pay into the office of the clerk of this court an- "nually, the amount of the balance of the rents, issues, and "profits of the estate of said infants, which shall be found in "his hands upon the passing of his accounts hereafter order- "ed. And it is further ordered, that the clerk of this court "do invest such rents, issues, and profits, so to be paid "into his office, either on bond and mortgage of real "estate in the city of New York, or in productive stocks, "as he in his discretion may think advisable. And it is fur- "ther ordered, that the injunction master for the first circuit, "for the time being, shall yearly and every year, after the "date of this order, issue his summons to the said guardian

" hereby appointed, requiring him to appear before him at a " certain time to be fixed in such summons, to render an ac- " count of his guardianship duly verified; that such master shall " direct the said summons to be served by the solicitor prose- " cuting this appointment, or, in his discretion, by such other soli- " citor as he shall select; that such master examine and take " due proof of the said accounts, and report the balance, if any, " remaining in the hands of such guardian. And it is hereby " made the duty of such solicitor to attend before the master " upon the passing of such accounts, and to take all legal " measures for the due execution of this order and of every " part thereof. And it is further ordered, that such master " do give notice to the sureties of such guardian of the time " and place appointed by him for examining such accounts, " who shall be at liberty to attend before him, but shall not " be entitled to costs therefor, unless ordered by this court, " upon special application. And it is further ordered, " that such guardian do pay into the hands of the clerk of " this court such balance as shall be found due from him upon " the passing his accounts from time to time as aforesaid, " within twenty days from the filing of the said master's re- " port, or in default thereof, that such solicitor do apply to " this court for an attachment against such guardian, or that " the bond executed by him and his sureties be put in suit, " or for such further order as shall be right; and the said " sureties are also to be at liberty to apply to this court, after " the expiration of said twenty days, for an attachment or for " such order in the premises as shall be just. And it is fur- " ther ordered, that the said injunction master do, in the month " of January in every year, when he shall examine the ac- " counts of such guardian, as required by the 156th rule " of this court, also report to this court whether the ba- " lance found due by him at the preceding passing of the " accounts of such guardian, made pursuant to this order, " has been paid into this court or not. And it is further or- " dered, that a certified copy of this order be forthwith " served by the solicitor prosecuting this appointment upon " the injunction master of this circuit and also upon each of " the said sureties."